UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KINDRA WOODHAM, CASSANDRA DAVIES,
KAREN KING and STEVIE TAYLOR,

    Plaintiffs,

v.                  CASE NO.: 3:15-cv-553-J-32JRK

DIGITAL RISK, LLC, a Delaware limited
liability company, DIGITAL RISK MORTGAGE
SERVICES, LLC, a Delaware limited liability
company,

    Defendants.
_____/

## COMPLAINT

Plaintiffs, KINDRA WOODHAM, CASSANDRA DAVIES, KAREN KING and STEVIE TAYLOR ("Plaintiffs") bring this action against Defendants, DIGITAL RISK, LLC and DIGITAL RISK MORTGAGE SERVICES, LLC (collectively "Defendants"), to recover overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 216 (b) ("FLSA"), and states:

### PARTIES

*Plaintiffs*

1.    Plaintiff, Kindra Woodham, was employed by Defendants from approximately October 2012 to May 2013.

2.    Plaintiff, Cassandra Davies, was employed by Defendants from approximately February 2013 to May 2014.

3.    Plaintiff, Karen King, was employed by Defendants from approximately November 2011 to February 2013.

4. Plaintiff, Steve Taylor, was employed by Defendants from approximately December 2011 to January 2014.

5. At all times material hereto, Plaintiffs worked for Defendants in Jacksonville, Duval County, Florida, which is within the jurisdiction of this Court.

***Defendants***

6. Defendant, DIGITAL RISK, LLC, is a Delaware limited liability company with a principal place of business in Maitland, Orange County, Florida. At all times material, Defendant conducted business from multiple locations in the state of Florida, including, Jacksonville, Duval County, Florida, where Plaintiffs performed work for Defendant.

7. Defendant, DIGITAL RISK MORTGAGE SERVICES, LLC, is a Delaware limited liability company with a principal place of business in Maitland, Orange County, Florida. At all times material, Defendant conducted business from multiple locations in the state of Florida, including, Jacksonville, Duval County, Florida, where Plaintiff performed work for Defendant.

8. Defendants, DIGITAL RISK, LLC and DIGITAL RISK MORTGAGE SERVICES, LLC, are joint employers of Plaintiff and the other similarly situated employees because they are commonly controlled and not completely disassociated with respect to the terms of compensation and employment of Plaintiff.

9. Specifically, Defendants do business from the same principal address, and maintain the same mailing address: 2301 Maitland Center Parkway, Suite 165, Maitland, Florida 32751. Additionally, Defendants share the same officers and directors, Peter Santos, Edward Kassabov and Jeffrey Taylor, all of whom have their addresses listed with Florida's Department of State as 301 Maitland Center Parkway, Suite 165, Maitland, Florida 32751.

10. Defendants, DIGITAL RISK, LLC and DIGITAL RISK MORTGAGE SERVICES, LLC, directly or indirectly acted in the interest of an employer toward Plaintiffs at all material times, including without limitation, directly or indirectly controlling the terms of employment and compensation of Plaintiff.

*Coverage*

11. At all times pertinent to this Complaint, Defendants, DIGITAL RISK, LLC and DIGITAL RISK MORTGAGE SERVICES, LLC, regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r) and 203(s).

12. At all times material to this Complaint, Defendants, DIGITAL RISK, LLC and DIGITAL RISK MORTGAGE SERVICES, LLC, had two (2) or more employees who regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

13. Based upon information and belief, the annual gross sales volume of DIGITAL RISK, LLC and DIGITAL RISK MORTGAGE SERVICES, LLC each was in excess of $500,000.00 per annum at all times material hereto.

14. At all times pertinent to this Complaint, Defendants, DIGITAL RISK, LLC and DIGITAL RISK MORTGAGE SERVICES, LLC, were enterprises engaged in commerce or in the production of goods for commerce as defined §§ 3(r) and 3(s) of the Act.

*Jurisdiction and Venue*

15. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216(b).

16. Venue is proper pursuant to 28 U.S.C. §1391. The Court has jurisdiction over the Defendants, and in regard to Plaintiff in that the acts from which this lawsuit arise occurred in the Middle District of Florida, and, in particular, in Jacksonville, Florida.

*Facts*

17. Plaintiffs regularly worked overtime hours. Defendants, however, failed to compensate Plaintiffs for all of the overtime hours they worked because Defendants "shorted" the Plaintiffs by: (a) requiring Plaintiffs to perform work off-the-clock before their scheduled shifts for which they were not compensated; (b) requiring Plaintiffs to perform work off-the-clock after completion of their shifts; and (c) requiring Plaintiffs to work through their meal breaks without compensation. Additionally, Defendants required Plaintiffs to study for exams as a condition of their continued employment. Plaintiff and similarly situated employees had to do these studies outside of their regularly scheduled work hours. Defendants did not compensate Plaintiffs for these study hours.

18. The off-the-clock work (described above) performed by Plaintiffs was for the benefit of Defendants.

19. Defendants had actual and/or constructive knowledge that Plaintiffs were performing off-the-clock work in that Defendants required them to work off-the-clock before and after their shifts, during their meal breaks and to study for examinations.

20. At all times pertinent to this Complaint, as more fully described herein, Defendants failed to comply with 29 U.S.C. § 201-209, in that they failed to compensate Plaintiffs for all of their hours worked in excess of forty (40) within a work week by virtue of Defendants' policies and/or practices regarding off-the-clock work.

21. The records, if any, concerning the number of hours actually worked, and the compensation actually paid to Plaintiffs are in the possession and custody of Defendants.

4

However, based upon Defendants' policies and practices regarding Off-the-Clock Work, the time records do not reflect all of the hours, including overtime hours, actually worked by Plaintiffs.

*Relief Requested*

22. Plaintiffs are entitled to time and one half of their regular rate for each hour (or part thereof) worked over 40 in a work week, along with an equal amount of liquidated damages.

23. Plaintiffs have retained the Shavitz Law Group to represent them in this action. Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

24. Plaintiff demands a jury trial.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

25. Plaintiff readopts and realleges the allegations contained in paragraphs 1 through 26 above.

26. Plaintiffs are entitled to be paid time and one-half of their regular rates of pay for each hour worked in excess of forty (40) hours per work week.

27. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiffs have suffered damages, plus incurred costs and reasonable attorney's fees.

28. As a result of Defendants' willful violation of the Act, Plaintiffs are entitled to liquidated damages.

WHEREFORE, Plaintiffs, KINDRA WOODHAM, CASSANDRA DAVIES, KAREN KING and STEVIE TAYLOR, demand judgment against Defendants, DIGITAL RISK, LLC and DIGITAL RISK MORTGAGE SERVICES, LLC, jointly and severally, for the payment of all overtime hours at one and one-half times their regular rates of pay, liquidated damages and

reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and appropriate.

Dated: April ___, 2015
Boca Raton, Florida

Respectfully submitted,

_____
CAMAR R. JONES (Fla. Bar No. 720291)
Email: cjones@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Hwy, Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
Attorneys for Plaintiff

6

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendant(s), <u>Digital Risk Mortgage Services, LLC</u>, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_____
Signature

Stevie A. Taylor, Sr.
Print Name

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendant(s), Digital Risk Mortgage Services, LLC, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_____
Signature

Kindra Woodham
_____
Print Name

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendant(s), <u>Digital Risk Mortgage Services, LLC</u>, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

*Cassandra A. Davies*
Signature

CASSANDRA A. DAVIES
Print Name

## CONSENT TO JOIN FORM

1.    I consent to be a party plaintiff in a lawsuit against Defendant(s), <u>Digital Risk Mortgage Services, LLC</u>, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.    I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.    I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

*Karen King*
Signature

Karen King
Print Name